**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : CR. NO.: 13-142 (RCL) |
| **JOSE EMANUEL GARCIA SOTA,** | : |
|   also known as "Juan Manuel | : |
|     Maldonado Amezcua" | : |
|   also known as "Zafado" | : |
|   also known as "Safado" | : |
| | : |
|   **Defendant**. | : |

**PROTECTIVE ORDER**

This matter having come before the Court upon the Government's Unopposed Motion for a Protective Order concerning the disclosure of certain materials to be exchanged between the parties in this matter, in light of the sensitive nature of some of the documents and information which may be disclosed in accordance with Fed. R. Crim. P. 16 and other discovery obligations of the parties as provided by law, it is this _____ day of October, 2015, hereby

**ORDERED** that the Government's Unopposed Motion for a Protective Order is **GRANTED**; and it is

**FURTHER ORDERED** that:

1. All Protected Material exchanged between the United States and the defendant will be handled in accordance with the terms of this Protective Order. The parties may designate any document or information as "Protected Material" under this Protective Order when disclosing that material in discovery in this case and shall provide the basis for the protected status of that material at the time of disclosure. Such documents or information shall then be deemed Protected Material

under the terms of this Protective Order. The parties shall treat such disclosed documents or information as Protected Material unless and until the Court rules that the documents or information, in whole or in part, should no longer be treated as Protected Material. Without authorization from the United States or the Court, Protected Material shall not be disclosed or distributed to any person or entity other than as set forth in this Protective Order.

2. Protected Material provided by the United States to the defendant shall be reviewed only by the defendant, his attorneys of record, employees of such attorneys to whom it is necessary that the materials be shown for purposes of preparation, trial, sentencing, and appeal of this matter, witnesses or potential witnesses and their counsel, and experts or consultants assisting in the preparation, trial, sentencing, and appeal of this matter. Such witnesses, counsel, experts or consultants to whom Protected Material is disclosed must be served with a copy of this Protective Order prior to disclosures of Protected Material to them.

3. The same conditions and restrictions apply to Protected Material provided by the defendant to the United States. It is understood that among the persons to whom the United States will need to disclose certain Protected Material are law enforcement agents engaged in the preparation for trial or hearings in this case, witnesses or potential witnesses, and other representatives of the United States Government and other foreign governments.

4. Protected Material disclosed by the parties shall be used solely for the preparation, trial, sentencing, and appeal of this matter and for no other purpose whatsoever, unless otherwise ordered by the Court. The contents of the Protected Material disclosed to the defendant or by the defendant shall not be disclosed to any other individual or entity in any manner except to a photocopy service as agreed by the parties or by further order of the Court.

5.      The terms of this Order shall survive the termination of this action and the parties shall be bound by it unless otherwise ordered by the Court.

6.      Nothing in this Protective Order limits the United States or the defendant from disclosing Protected Material directly to this Court (or the Court of Appeals) or while appearing before this Court (or the Court of Appeals), including in any motions, at any hearings, during trial, or during any appeal.

7.      When producing Protected Materials that identify or reference, in any way, a non-expert civilian witness, the filing party must file or reference any such material under seal, and notify the opposing party to allow the opposing party an opportunity to be heard prior to the public disclosure of any such material.   Any party wishing to maintain materials under seal, must file a motion with the Court.

_____
JUDGE ROYCE C. LAMBERTH
UNITED STATES DISTRICT COURT

Copies to:      *Counsel for the United States*
*Counsel for Defendant*