
**FILED**

JUL 2 6 2017

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-cr-142 (RCL) |
| | ) | 13-cr-143 (RCL) |
| | ) | |
| JOSE EMANUEL GARCIA SOTA, and | ) | |
| JESUS IVAN QUEZADA PINA, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS

### A.  General - Introductory

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

1

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts and testimony stipulated to by the parties, and a deposition.

During the trial, you were told that the parties had stipulated--that is, agreed--to certain facts. You should consider any stipulation of fact to be undisputed evidence.

A deposition is the sworn testimony given by a witness before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictments as evidence of any kind--you may not consider them as any evidence of defendants Jose Emanuel Garcia Sota or Jesus Ivan Quezada Pina's guilt or draw any inference of guilt from them.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendants to prove their innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendants are charged, it is your duty to find them guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find them not guilty of that offense.

The government has the burden of proving each defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If,

2

based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that the defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

There are two types of evidence from which you may determine what the facts are in this case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**B.      Evaluation of Testimony**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

4

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol. The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol.

You have heard testimony from several witnesses. The government is permitted to use a witness who testifies that he participated in the offenses charged against the defendants, although the testimony of such a witness should be considered with caution. You should give their testimony as much weight as in your judgment it deserves.

You have heard evidence that several witnesses entered into plea agreements with the government pursuant to which the witness agreed to testify truthfully in this case and the government agreed to bring the witness's cooperation to the attention of his sentencing judge and consider filing papers with his judge which would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him/her against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

Every defendant in a criminal case has an absolute right not to testify. Defendants Jose Emanuel Garcia Sota and Jesus Ivan Quezada Pina have chosen to exercise this right. You must not hold this decision against them, and it would be improper for you to speculate as to the reason or reasons for their decisions. You must not assume the defendants are guilty because they chose not to testify.

Ordinarily, a witness may not testify as to his/her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them because they have become expert in some art, science, profession, or calling.

In this case, several expert witnesses have testified. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

You have heard evidence that certain witnesses made statements on earlier occasions and that these statements may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You have heard evidence that certain witnesses made statements on an earlier occasions and that these statements may be consistent with his/her testimony here at trial. These earlier statements were brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

You have heard evidence that certain witnesses have been convicted of a crime. You may consider this conviction only in evaluating the credibility of that witness's testimony in this case.

You have heard evidence that certain witnesses have been charged with a crime or are awaiting sentencing. You may consider this evidence when deciding whether the witness has a bias in favor of one of the parties that may affect his/her willingness to tell the truth.

## C.  **Evaluation of Other Evidence**

You have heard evidence that the defendants fled after the alleged attack at issue in this case. It is up to you to decide whether they fled or hid. If you find they did so, you may consider their fleeing or hiding as tending to show feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that the defendants may have had reasons to flee or hide that are fully consistent with innocence in this case.

If you find the defendants fled or hid, you should consider such evidence along with all the other evidence in the case, and give it as much weight as you think it deserves.

Certain evidence/statements were admitted only with respect to one of the defendants, and was not admitted against the other defendant. You may consider such evidence only with respect the defendant against whom it was admitted. You must not consider it in any way in your deliberations with respect to the other defendant.

You have heard evidence that defendant Garcia Sota committed the following crimes: (1) Carjacking in days before the attack; (2) Carjacking of multiple cars in days after the attack; (3) Kidnapping in the hours before the attack; (4) Shootout a day or two after the attack. It is up to you to decide whether to accept that evidence.

If you find that defendant Garcia Sota committed the above listed crimes, you may use this evidence only for the limited purpose of deciding whether

1. Defendant Garcia Sota had a motive to commit the offenses charged in the indictment.

2. The circumstances of the other crimes and charged offenses are so similar that it is likely that the person who committed them also committed the offenses charged in the indictment.

3. The above listed crimes and the offenses charged in the indictment are part of a common scheme or plan.

If you conclude that

1. Defendant Garcia Sota had such a motive;

2. The other crimes are so similar to the charged offenses that it is likely that the same person committed both of them; or

3. There was a common scheme or plan.

You may use this evidence in determining whether the government has proved beyond a reasonable doubt that defendant Garcia Sota is the person who committed the offenses charged in the indictment.

You may not use this evidence for any other purpose. Defendant Garcia Sota is only on trial for the crimes charged. He is not charged in this case with any offense relating to the above listed crimes, and you may not use this evidence to conclude that defendant Garcia Sota has a bad character, or that defendant Garcia Sota has a criminal personality. The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.

7

You have heard evidence that defendant Quezada Pina committed the following crimes: (1) Kidnapping in the hours before the attack; (2) Kidnapping in the days before the arrest (3) Escape from prison.

If you find that defendant Quezada Pina committed the above listed crimes, you may use this evidence only for the limited purpose of deciding whether

1. Defendant Quezada Pina had a motive to commit the offenses charged in the indictment.

2. The circumstances of the other crimes and charged offenses are so similar that it is likely that the person who committed them also committed the offenses charged in the indictment.

3. The above listed crimes and the offenses charged in the indictment are part of a common scheme or plan.

If you conclude that

1. Defendant Quezada Pina had such a motive;

2. The other crimes are so similar to the charged offenses that it is likely that the same person committed both of them; or

3. There was a common scheme or plan.

You may use this evidence in determining whether the government has proved beyond a reasonable doubt that defendant Quezada Pina is the person who committed the offenses charged in the indictment.

You may not use this evidence for any other purpose. Defendant Quezada Pina is only on trial for the crimes charged. He is not charged in this case with any offense relating to the above listed crimes, and you may not use this evidence to conclude that defendant Quezada Pina has a bad character, or that defendant Quezada Pina has a criminal personality. The law does not allow you to convict him simply because you believe he may have done bad things not specifically charged as crimes in this case.

You have heard testimony from several witnesses, who communicated through an interpreter and the defendants used the services of an interpreter in this trial.

You are to consider only the evidence provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning. During the testimony there was a question as to the accuracy of the English interpretation and steps were taken to resolve any

8

discrepancies. I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that certain witnesses and the defendants are using the services of an interpreter to influence you in any way.

You should not consider the mere fact that certain witnesses have been provided an interpreter in evaluating their credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

If you observed that the witness nodded his/her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the witness was following the translation.

The fact that the court has provided an interpreter to certain witnesses and the defendants does not mean that the court has made a ruling on the extent of his/her ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.

## D.    Definitions

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendants, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendants acted with the necessary state of mind.

You may find the defendants guilty of the crime charged in the indictment without finding that they personally committed each of the acts constituting the offense or were personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendants of the offenses charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendants willfully caused such an act to be done, with the intent to commit the crime.

Possession means to have physical possession or to otherwise exercise control over tangible property. A person may possess property in either of two ways. First, the person may have physical possession of it by holding it in his or her hand or by carrying it in or on his or her body or person. This is called "actual possession." Second, a person may exercise control over property not in his or her physical possession if that person has both the power and the intent at a given time to control the property. This is called "constructive possession."

In addition, the law recognizes the possibility that two or more individuals can jointly have property in their constructive possession. Two or more persons have property in their joint constructive possession when they each have both the power and the intent at a given time to control the property.

Mere presence near something or mere knowledge of location, however, is not enough to show possession. To prove possession of an item against the defendants in this case, the government must prove beyond a reasonable doubt that they had either actual or constructive possession of the item.

## E.    Offenses

### COUNT ONE: MURDER OF AN OFFICER OR EMPLOYEE OF THE UNITED STATES

Defendants Garcia Sota and Quezada Pina are charged in Count One with the First Degree Premeditated Murder and First Degree Felony Murder of Special Agent Jaime Zapata, an Officer or Employee of the United States.

### First Degree Felony Murder

Title 18, United States Code, Section 1114 makes it a crime to murder another person, who is an officer or employee of the United States while engaged in or on account of the performance of his official duties, while committing or attempting to commit the crime of robbery.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the victim, Special Agent Jaime Zapata, was killed;

(2)    the death of Special Agent Jaime Zapata occurred as a result of the defendant's knowingly committing or attempting to commit a robbery, aiding and abetting to do the same, or participating in a conspiracy to do the same;

(3)    that Special Agent Jaime Zapata was an officer or employee of the United States, or of any agency in the executive branch of the United States Government; and

(4)    that the killing occurred while the victim was engaged in or on account of the performance of his official duties.

The crime is "felony murder" – a killing that takes place during the knowing and willful

10

commission of some other specified felony crime, in this case, a robbery or an attempted robbery. The Government does not have to prove that the defendant had a premeditated plan or intent to kill the victim. The Government only has to prove beyond a reasonable doubt that the Defendant knowingly committed or attempted to commit the crime specified and that the victim died during and as a result of that crime.

### First Degree Premeditated Murder

The defendants are also charged with first degree premeditated murder. I am going to instruct you on this charge and also on the lesser included offense of second degree murder. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Title 18, United States Code, Section 1114, makes it a crime for anyone to murder an Officer or Employee of the United States. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1)     First: That the defendant unlawfully killed, aided and abetted the killing of, or participated in a conspiracy to kill Special Agent Jaime Zapata;

(2)     Second: That the defendant killed Special Agent Jaime Zapata with malice aforethought;

(3)     Third: That the killing was premeditated;

(4)     Fourth: that Special Agent Jaime Zapata was an officer or employee of the United States, or of any agency in the executive branch of the United States Government; and

(5)     Fifth: that the killing occurred while Special Agent Jaime Zapata was engaged in or on account of the performance of his official duties.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time. In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is intentional and the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent. You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of the defendant, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice aforethought and premeditation, should escape your careful consideration.

11

### Second-Degree Murder

Title 18, United States Code, Section 1114, makes it a crime for anyone to murder another human being, who is an Officer or Employee of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) First: That the defendant unlawfully killed, aided and abetted the killing of, or participated in a conspiracy to kill Special Agent Jaime Zapata;

(2) Second: That the defendant killed Special Agent Jaime Zapata with malice aforethought;

(3) Third: That Special Agent Jaime Zapata was an officer or employee of the United States, or of any agency in the executive branch of the United States Government; and

(4) Fourth: That the killing occurred while Special Agent Jaime Zapata was engaged in or on account of the performance of his official duties.

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time. In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of the defendant, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice aforethought and premeditation, should escape your careful consideration.

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether each defendant is guilty of first degree premeditated murder. If you find the defendant guilty, do not go on to the other charge. If you find either defendant not guilty, go on to consider second degree murder.

This order will be reflected in the verdict form that I will be giving you.

## COUNT TWO: ATTEMPTED MURDER OF AN OFFICER OR EMPLOYEE OF THE UNITED STATES

Defendants Garcia Sota and Quezada Pina are charged in Count Two with the Attempted Murder of Special Agent Victor Avila, an Officer or Employee of the United States. It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States. In this case, the defendant is charged with attempting to murder Victor Avila. Title 18, United States Code, Section 1111, makes it a crime for anyone to murder another human being with

12

premeditation. Count One describes the elements of murder. For you to find the defendant guilty of attempting to commit murder, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) First: That the defendant intended to commit the murder of Victor Avila, and

(2) Second: That the defendant did an act, aided and abetted an act of another, or a coconspirator committed an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

(3) Third: that Special Agent Victor Avila was an officer or employee of the United States, or of any agency in the executive branch of the United States Government; and

(4) Fourth: that the attempted murder occurred while Special Agent Victor Avila was engaged in or on account of the performance of his official duties.

A "substantial step" means some important action leading toward committing a crime. It is more than an unimportant or inconsequential act. The act must be more than preparation. It must be an act that would ordinarily and likely result in an attempt to commit a crime, unless interrupted or frustrated by some condition or event. If the Government has presented evidence of several acts taken by the Defendant, each of which may qualify as a "substantial step," you must all agree upon one act that you find was a substantial step toward committing the crime.

## COUNT THREE: ATTEMPTED MURDER OF AN INTERNATIONALLY PROTECTED PERSON

Defendants Garcia Sota and Quezada Pina are charged in Count Three with the Attempted Murder of Special Agent Victor Avila, an Internationally Protected Person. For you to find the defendant guilty of attempting to commit murder, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(1) First: That the defendant intended to commit the murder of Special Agent Victor Avila, and

(2) Second: That the defendant did an act, aided and abetted an act of another, or a coconspirator committed an act that constitutes a substantial step towards the commission of that crime and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation; and

(3) Third: that Special Agent Victor Avila was an internationally protected person.

An internationally protected person includes a Chief or State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own; or any other representative, officer, employee, or agent of the United States who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity.

**COUNT FOUR: USING OR CARRYING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE**

The defendants are accused of using or carrying a firearm during and in relation to/possessing a firearm in furtherance of a murder or an attempted murder. It is against federal law to use/carry/possess a firearm during and in relation to/in furtherance of a murder or an attempted murder. For you to find the defendants guilty of this crime, you must be satisfied that the government has proven each of the following things:

(1)    First: the defendant committed the crime of murder or attempted murder, described in Counts 1, 2, or 3; and

(2)    Second: the defendant knowingly used or carried a firearm, aided and abetted the use or carrying of a firearm, or participated in a conspiracy to do the same, during and in relation to the commission of a crime of violence, that is, murder or attempted murder as described in Counts 1, 2, or 3.

"Firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device. The term does not include an antique firearm.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident. To "carry" a firearm means to move or transport the firearm on one's person or in a vehicle or container. It need not be immediately accessible. To "use" a firearm means to employ the firearm actively, such as to brandish, display, strike with, discharge or attempt to discharge it, or even to refer to it in a way calculated to affect the underlying crime. For either use or carry to be "during and in relation to" a crime, the firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime. That need not have been its only purpose, however. A defendant possesses a firearm "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime. You need not unanimously agree on the type of gun that was used by the defendant.

**<u>Special Findings</u>**

A.    <u>Brandishing</u>

If you find the defendant guilty of using or carrying a firearm during or in relation to a crime of violence, you must also determine if the defendant brandished a firearm during and in relation to a crime of violence.

The defendant is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that another participant in the crime would display or make the presence of a firearm known for purposes of intimidation. The defendant need not have had advance knowledge that a participant would actually brandish the firearm. This requirement is satisfied if

14

the defendant knew that a participant intended to brandish a firearm to intimidate if the need arose.

### B. Discharging

If you find the defendant guilty of using or carrying a firearm during or in relation to a crime of violence, you must also determine whether the firearm was discharged, even accidently. To aid and abet the possession or carrying of a firearm that was discharged, the defendant need not have advance knowledge that the discharge would occur.

### C. Type of Firearm

If you find the defendant guilty, you must then determine whether the firearm that was possessed/used or carried was a semiautomatic assault weapon. To aid and abet the possession or carrying of such a firearm, the defendant need not have advance knowledge of the type of firearm.

A "semiautomatic assault weapon" means any firearms, or copies or duplicates of the firearms in any caliber, known as Norinco, Mitchell, Poly Technologies Avtomat Kalashnikovs (all models); Action Arms Israeli Military Industries UZI; and Colt AR-15.

### D. Causing Death

You have previously been instructed on the elements of murder of an officer or employee of the United States and felony murder of an officer or employee of the United States. If you find the defendant guilty of either murder or felony murder, you must then determine whether the defendant caused the death of, aided and abetted the death of, or participated in a conspiracy that caused the death of Special Agent Jaime Zapata through the use of a firearm that was possessed/used or carried.

## F. Aiding and Abetting/Conspirator Liability

You may find the defendants guilty of the crime charged in the indictment without finding that they personally committed each of the acts that make up the crime or that they were present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendants at the place and time the crime is committed is not by itself sufficient to establish his/her guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime.

15

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

The defendants are charged with the crimes of murder of an officer or employee of the United States, attempted murder of an officer or employee of the United States, attempted murder of an internationally protected person, and using, carrying, brandishing and discharging a firearm during and in relation to a crime of violence. They may be found guilty of these crimes, that were committed by a co-conspirator, even though the defendants did not participate directly in the acts constituting the offenses. That is because a conspiracy is a kind of partnership in crime and its members may be responsible for each others' actions. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy. Before you may find the defendants guilty of the charged offenses under this theory, you must find beyond a reasonable doubt that:

1. There was a conspiracy to a robbery.

2. The offenses of were committed by a co-conspirator of the defendants;

3. The defendants were members of the conspiracy to a robbery at the time the offenses were committed;

4. The offenses were committed during the existence of the conspiracy;

5. The offenses were committed in furtherance of the conspiracy; and

6. The offenses were reasonably foreseeable consequences of the conspiracy. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

In order to determine whether a conspiracy existed at the time of this crime and whether the defendants were members, you must find beyond a reasonable doubt the following two elements, that:

1. On February 15, 2011, an agreement existed between two or more people to commit the crime of robbery. This does not have to be a formal agreement or plan in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists to

16

commit the crime that allegedly was the subject of the charged conspiracy. It is enough that the government prove beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of robbery.

2.     The defendants intentionally joined in that agreement. It is not necessary to find they agreed to all the details of the crime or that they even knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. But mere presence at the scene of the agreement or of the crime or merely being with the other participants does not show that the defendants knowingly joined in that. Similarly, unknowingly acting in a way that helps the participants, without more, does not make a person part of the conspiracy. In addition, merely knowing about the agreement itself, without more, does not make the defendants a part of the conspiracy.

A conspiracy can be proved indirectly by facts and circumstances that lead to a conclusion that a conspiracy existed. The government's burden is to prove such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether the defendants became members of that conspiracy, you may consider only his/her acts and statements.

## G.     Aspects of Deliberations

Each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of his guilt as to each of the crimes for which he is on trial determined from his own conduct and from the evidence that applies to him as if he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict[s] must be unanimous. Your verdict must be unanimous as to each offense.

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## H.     Closing Remarks

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

I will be sending into the jury room with you the exhibits that have been admitted into evidence except for the weapons. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to examine the weapons, please notify the clerk by a written note, and the marshal will bring them to you. For security purposes, the marshal will remain in the jury room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise discuss the case among yourselves while the marshal is present in the jury room. You may ask to examine this evidence as often as you find it necessary.

If you wish to see or hear recordings which I have admitted into evidence, please notify the clerk by a written note and we will assemble in the courtroom with the appropriate equipment.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person-- not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

The last thing I must do before you begin your deliberations is to excuse the alternate juror. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse the juror in seat 13.

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you

not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

Date: 7/26/17

Royce C. Lamberth
United States District Judge